that you were appointed under the criminal justice act? I was. And we want you to know we deeply appreciate your willingness to accept the assignment. And I appreciate the confidence the court has extended. My pleasure. Judge Wallman, I may have pleased the court. We're here today to ask the court to remand the matter for resentencing Mr. Rendon serving 30 years for distributing 500 grams or more of methamphetamine. I understand that the letters he wrote to the judge have recently been found and made a part of the record. That's correct. Yes, we have. And I have reviewed these letters and I'd like to, I'm sure you would like for me to discuss what they mean. I think with the discovery of these letters and even without them, I think that Jeffrey's case that this court decided. If you raise your voice a bit and also the microphone a little bit. I know it's hard to get close to it but keep your voice up if you would. Thank you. This court decided the case of United States versus Jeffrey's about five years ago which really is very similar to this case. I cited in passing in my opening brief but in that case the defendant pled guilty to pursuant to a plea agreement. Then he offered some letters to the court and the probation office. The probation office in that case recommended that the court not reduce his sentence for acceptance of responsibility. There are some, there are very many parallels to that case to this case but there are some distinct differences now that I've seen this letter. The first letter Mr. Rendon wrote in December really doesn't touch on anything of any significance. The second letter however appears to have convinced Judge Fenner to not accept, give a reduction for acceptance of responsibility because as he put it, it appears he's not, he's backing out on the agreement to plead guilty to 500 grams or more of methamphetamine distribution. If you look at, I'll look at page four or five of the document. Can I ask a question? Yes sir. Thank you. As a preliminary matter you're not challenging the finding with respect to the amount of drugs that your client was involved in right? No. Or the determination of the base offense level other than a potential breach of the plea agreement? Well no I think based on the pre-sentence investigation and the judge's acknowledgement 40 is where you begin. Okay and you don't challenge that? No I don't challenge that. Where we do have a problem is where the government's obligation comes in to give a three-level reduction. Okay let me ask this because if we agree that that's the stipulation that talks about, I think your client thought it was a level 32 and the government thought it was 36. Correct. Is that right? Didn't your client breach first by arguing in these letters that it was from 50 to 200 grams which I think is a level 26. Well and that's where I'm I was heading with this this letter. This letter in context appears to be Mr. Brendan complaining about that's what was found at his house. He wants to be separated from this conspiracy but he also acknowledges that he was involved in it with his wife which is an acknowledgment of a conspiracy. Page four of five of document the district court's document number. In the letter he says there was never no 500 grams or more during I can't make it out but oh I'm asking that you please find me guilty of 50 to 200 grams. Right. Isn't that a breach even if we consider these to be you know sort of recommendations that the parties are going to stand by? Didn't he breach first? Well the charge is conspiracy to distribute and I believe my reading of this letter indicates he's complaining that that's what was found in his house not that he's didn't distribute that. That that's I mean this is what we have your honor and there was never no 500 or more grams of drug. Which is what he pled guilty to. He pled guilty distributing that much and I think in context again that it appears that he's complaining that's what was found in his house. I think another basis for making that observation or that argument he says it again on page three of five I'm sorry two of five towards the bottom. It's the same thing no 500 grams or more. Nowhere does he say I wasn't I didn't I didn't commit a I wasn't involved in a conspiracy to distribute 500 grams or more. I think we should give the defendant the benefit of the doubt. He doesn't in my opinion doesn't clearly breach this agreement by clearly saying I did not distribute 500 grams or more of methamphetamine or conspire with others to do so. He wants to get out of the conspiracy but he doesn't outright say I'm not guilty of doing this. I think if we we have a plea agreement that acknowledges and at the sentencing hearing he acknowledges that he's he accepted responsibility for what he pled guilty to. How what do you think happened why these letters were lost and then miraculously found at the last minute? Your honor I don't know. I remember getting a call from this court not a month or so ago about it and I don't know why they only showed up now. I suspect it was still in judge the judge's office. I really don't know and I'm remiss for not having pursued that issue a little bit more aggressively but in the end I think the analysis is going to be the same anyway. The the difference would be the the like as with the Jeffries case yes the government didn't ask for a reduction but the countervailing factor in this case was the letters. Either way you arrive at the same conclusion. Is this a matter of did the breach substantially affect the rights of Mr. Rennan and substantially affect the integrity of the judicial proceeding involved? I'd like to preserve the remembrance of my time for my part if I may. Thank you. We'll hear from the government. Mr. Rhodes. May it please the court as the court has been apprised of this letter it's clear from these letters that the defendant breached the plea agreement unbeknownst to defense counsel and the government. He had sent two letters to the court and the district court apprised the parties of the letters at the sentencing hearing and based off that conduct and in the letter is in particular what has now been docketed is document 568 which is the March 15, 2013 letter. Defendant said at the bottom of page three of five that he was not responsible for quote 500 grams or more. Then he asked that the district court separate him from the conspiracy. He was trying to he was attempting to withdraw his plea of guilty through these letters and responsibility. Then he came back to make sure that the judge understood what he was writing earlier on page four at the bottom that he pleaded guilty to this plea agreement and then he said he was under fear and intimidation and it appears that he's headed in that direction for a high sentence but there was never no 500 or more grams of drugs. I'm asking you please find me guilty of less included of 50 to 200 grams. So it's clear by these letters that he had breached the plea agreement and in addition to that the defense counsel who had seen the letters at the sentencing agreement after reading through them she stated okay thank you your honor I just wanted to make sure you understood that we did have the right under the plea agreement to challenge drug quantity. So she too had seen the letters and agreed that he had attempted to separate himself from the he had attempted to not acknowledge the 500 grams or more of meth and that that conduct was in the breach of that plea agreement. The government put on evidence of the drug quantity right? Yes. How much what did it The government advocated that it was at least 30 pounds which was the base offense level of 36. And then later though the government said that it agreed with the court that the base offense level was 38. Right. What happened there? Okay well when the when the government said 38 the government misspoke but that the evidence was that the evidence did support a 38. So when the government said that they were speaking of 38 actually meant to say 36 and the reason why 38 was still in the mind was because of the two-level enhancement for the possession of the firearm. So I was thinking 38. 36 plus 32 is 38. Well okay but then the court came back and said okay now the total offense level is 40 and the government said yes. Yes. So okay what had Has there been a mistake made here? No no no there is not a mistake. What it is is there was a base offense level of 38 and the court found that the evidence supported the 38 which was true by the presentation of the evidence. Based on the presentation of the evidence it supported a level 38. Now 38 though is uh as I understand it greater than 15,000 grams which is about 33 pounds. Right and the government and that evidence was supported by the testimony that the judge had also as the the judge was listening to the evidence and going through the objections he was making credibility finding as to the witnesses as well. So the evidence supported the court's 38. Okay so did the government breach the plea agreement by agreeing to a 38 rather than a 36? Well the record shows that two things. The government when government was asked uh does it the court followed up said does the government agree to stipulate to 300 pounds? The government declined. The government was in line with the plea agreement both times. Yeah I agree except when it said level 38. Well at that point the evidence had already established that was at a 38. You know so yes the evidence does support a 38 but on the record the government twice said 36 in effect 36. It was advocating a position consistent with what was in the plea agreement but the government believes before we that those were the 36 are that was an estimate and based on the reading of the plea agreement those are estimate of the parties and that was the best estimate that each party gave and it came out higher. But generally under DeWitt cases like that that we have if the government says this is our estimate it's it's generally not allowed to to affirmatively put forth evidence of something more than that. If the court requests it then usually I think you're allowed to do that. I'm not sure that happened here. Well in this particular situation DeWitt DeWitt was a specific agreement the parties agreed to this amount. Larrer the parties agreed to this particular section. Here clearly the language was the government believes this is the base offense level. The defendant believes it was a base offense level 32. So clearly there was a belief in an estimation as compared to the language used in those other cases where the parties agreed to that specific amount. There's that's where the were given estimates and that the government was free to put on evidence. But also while the defendant was objecting to. I mean you're right it's not as it's not as clear as DeWitt maybe but you know at least there's an argument to be made that in entering the plea he sort of relied that the government wasn't going to state its belief and then turn around and double cross him with a with a higher amount. Did the government after the presentation of the evidence the government agreed to at least 30 pounds which is level 36. The government declined to agree to 300. The defendant was not double crossed. Well he got a 38 which is 33 pounds. Right and the agreement clearly states out that the court is not bound by the estimates of the parties. All right so you you believe the record supports 33 or more well over 30 kilos. So I mean yes the record does support that. Is it true that the government agreed to ask for a reduction? The government agreed to ask for a sentence reduction? Reduction for acceptance of responsibility? The defendant was in line for the acceptance of the responsibility. It was set forth in the plea agreement but because of the letters that were provided to the court the court made the ruling that he did not accept responsibility so the court denied a three-point reduction. We know that but were you were still required under the agreement to to ask for a supportive claim for a reduction? Not if he engaged in conduct that was contrary to the plea agreement the sending of the letters to the court he engaged in that conduct and that's set forth in the plea agreement. Are there any further questions for this court? Apparently not. Your honors the uh the this the government was required to file a written motion for uh a reduction for acceptance of responsibility and that's why this case is really on all fours with the Jeffries case with certain exceptions in that case. What about the argument that if the evidence that the sentencing transcript or sentencing hearing varied from what the agreement called for that the government was somehow released from any obligation to move for a reduction? Well I mean there's no evidence this transcript doesn't show that the government saw these letters they heard what the what the district judge said which was what appears he's not even admitting to distributing 500 grams or more. Now we actually have the letters. The government can rely on the district court's representation. Of course I'm not here to say anything of the sort that that the district judge is not absolutely a reliable source of that information but there's always room for I mean the letters can't be cross-examined although Mr. Rendon was present at the sentencing hearing and at which he affirmed that he affirmed the plea agreement. Well will you agree with me if we construe these letters as a flat-out denial of what he stipulated to the the amount and the amount that he pled guilty to does that relieve the government of its duties under the plea agreement? Well you know that's a tough question. I think the answer has to be from my viewpoint that the agreement doesn't say it can it cannot file the reduction motion. I think that the government should have filed the motion anyway and let the court make up its make up its mind which it appears to have done anyway. Well paragraph 19 says if the if the defendant provides information to probation or the court that is intentionally misleading incomplete or untruthful or otherwise breaches this plea agreement the United States will be released from its obligations under this agreement. Well then Mr. Rendon has a problem in that regard your honor but again I think the letters themselves in my opening statements I colloquy with you is that I believe it can be read that he's complaining that the amount found in his house is the problem not the amount of distribution of conspiring to distribute especially since he involved his wife in the district. Mr. Rendon blindsided his own counsel at the time. I mean well she obviously wasn't aware of it and and you know that happens from time to time as criminal defendants. Well when you're facing a lot of time in prison I guess. Well we appreciate your behalf because it's not like 30 years is 30 years. It is less 15 percent or some trivial amount. Thank you your honors. Thank you for the arguments on both sides.